**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS  DIVISION**

| | | |
|---|---|---|
| **CHARLES SESE COSTANZA FIFE** | ) | |
| | ) | |
| **v.** | ) | **3-07-CV-1558-L** |
| | ) | |
| **NATHANIEL QUARTERMAN, Director,** | ) | |
| **Texas Department of Criminal Justice** | ) | |
| **Correctional Institutions Division** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States Magistrate Judge.  The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS**:

**Type Case**: This is a petition for habeas corpus relief filed by a State inmate pursuant to 28 U.S.C. § 2254.

**Parties**: Petitioner is an inmate confined at the Preston Smith Unit of the Texas Department of Criminal Justice, Correctional Institutions Division at  Lamesa, Texas, for the offense of aggravated assault.

Respondent is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

**Statement of the Case**: Pursuant to a written plea agreement Fife appeared with his attorney on April 1, 2003, before a state magistrate and entered a plea of guilty to the offense of aggravated assault as charged in the indictment returned in No. F-02-46551-T.  As part of the plea agreement he agreed that he used a deadly weapon in the commission of the offense and that the offense was one involving family violence.  In furtherance of the terms of the plea agreement the State trial court

accepted his guilty plea and placed Petitioner on deferred adjudication supervision for a period of four years. Fife did not appeal the order.

Thereafter the State moved to revoke his term of community supervision probation and on June 2, 2005, the state court found him guilty, made an affirmative finding that the offense involved family violence and sentenced Fife to a term of 15 years imprisonment. Fife filed an appeal from the trial court's judgment and the Fifth Court of Appeals at Dallas dismissed the appeal for want of jurisdiction. On September 13, 2006, the Texas Court of Criminal Appeals refused his petition for discretionary review. Fife filed his § 2254 petition in this court on September 4, 2007, the date on which he placed it in the prison mail system. *See Spotville v. Cain,* 149 F.3d 374, 378 (5th Cir. 1998).

**Findings and Conclusions**: In two separate grounds for relief Fife contends that art. 42.013 of the Texas Code of Criminal Procedure is facially unconstitutional in violation of the Fourteenth Amendment of the United States Constitution (Ground One) and in violation of provisions of the Constitution of the State of Texas (Ground Two).

In response to the petition and this court's show cause order Respondent filed his answer and copies of the prior state proceedings in No. F-02-46551-T. Before addressing the merits of the petition he argues that Fife's petition is barred by limitations and in the alternative that merits review of his claims is procedurally barred.

Fife's claims are based upon the findings made by the state magistrate judge which were adopted by the state district judge in the deferred adjudication order dated April 1, 2003. *See* Appeal No. 05-05-00868-CR [F-02-46551-JT]. Record Vol. One at 07-15.

28 U.S.C. § 2244(d)(1) imposes a one-year limit within which a state prisoner must file a §

2254 petition in federal court. § 2244(d)(1)(A) through (D) identify four alternative specific circumstances under which the limitation period begins to run. The only one applicable in the present case is the date on which his judgment became final, i.e. § 2244(d)(1)(A).

In *Caldwell v. Dretke*, 429 F.3d 521, 528-29 (5ᵗʰ Cir. 2005) the court held that an order of deferred adjudication is a final judgment for the purposes of § 2244. As noted above, Fife did not appeal the order of deferred adjudication and therefore the judgment became final on May 1, 2003, the date on which the filing of a notice of appeal expired, *See* Texas Rule of Appellate Procedure 26.2(a)(1), and the limitation period expired one year later.

While it is not surprising that Fife did not appeal the imposition of a deferred adjudication order which was in exact conformity to the terms of the plea agreement, his delay in seeking relief on the grounds now asserted is not subject to equitable tolling. Moreover, as pointed out by Quarterman in his answer, the United States Supreme Court has never held that the one-year limitation period is subject to equitable tolling[1] and has recently in *Bowles v. Russell* 127 S.Ct. 2360, 2364 (2007) called attention to the Court's "longstanding treatment of statutory time limits for taking an appeal as jurisdiction" and that its "decisions have recognized the jurisdictional significance of the fact that a time limitation is set forth in a statute." Therefore, Fife's petition should be dismissed as being barred by limitations.

Alternatively, the relief sought in the petition is procedurally barred.[2] In addressing the same

[1]In *Lawrence v. Florida,* 127 S.Ct. 1079, 1085-86 (2007), the Court held that *assuming* §2244(d)(1)'s limitation was subject to equitable tolling, the facts in that case did not warrant its application.

[2]Respondent correctly observes that Fife's second ground, alleging a violation of the Texas state constitution fails to allege a cognizable basis for federal habeas corpus relief. *See* §2254(a).

issues which were raised in the appeal which he filed after he was adjudged guilty and assessed a

15 year term the Fifth Court of Appeals held that pursuant to established state law issues relating

to the original plea proceeding could be raised only in an appeal from the imposition of deferred

adjudication probation except when the trial court lacked jurisdiction over the offense charged. The

court then proceeded to note that Petitioner's case did not fall within the limited type of cases falling

within the exception and therefore dismissed his appeal for want of jurisdiction making it clear that

having failed to present the issues in a procedurally correct manner he waived his right to an

adjudication of the merits of his claims. In turn federal review of these claims in his § 2254 petition

is barred in light of the Fifth Court's express and unambiguous application of a procedural bar in

dismissing his direct appeal. *See Coleman v. Thompson*, 501 U.S. 722, 729 (1991).

**RECOMMENDATION**:

For the foregoing reasons it is recommended that the petition be dismissed on limitations or

in the alternative because merits review is procedurally barred.

A copy of this recommendation shall be transmitted to Petitioner and counsel for

Respondent.

SIGNED this 29th day of February, 2008.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a de novo determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain

error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.